UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CASE NO. 1:19-cv-07528 |
| RISHI SHAH, SHRADHA AGARWAL, BRAD PURDY, and ASHIK DESAI, | ) ) ) ) | Hon. Thomas M. Durkin |
| Defendants. | ) ) ) |  |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENT PRODUCTION AND REMOTE DEPOSITION OF GRAVITAS HOLDINGS LLC**

Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this memorandum of law in support of its motion to compel the production of documents and deposition testimony from non-party Gravitas Holdings LLC ("Gravitas"). The Commission served subpoenas requesting documents and deposition testimony on Gravitas over three months ago, on January 21, 2022. Gravitas never served any objections to the requests, produced any documents, nor agreed to appear for a deposition. Therefore, in order to obtain relevant discovery, the Commission respectfully requests this Court enter an order compelling Gravitas to comply with the January 2022 subpoenas.

In support of its motion, the Commission states as follows:

## I. BACKGROUND

### A. The Complaint

On November 25, 2019, the Commission filed an amended complaint against defendants Rishi Shah, Shradha Agarwal, Brad Purdy, and Ashik Desai (the "Complaint"). (DE 9.) Among other things, the Complaint alleges that, through the efforts of defendants, Outcome Health fraudulently raised almost $500 million from investors during a capital raise in 2016-2017, approximately $225 million of which went to a company solely owed by defendants Shah and Agarwal. (*Id.* at ¶¶ 6, 32.) That company is Gravitas. (Leiman Decl. at ¶ 2.)

### B. The Subpoenas to Gravitas.

On January 21, 2022, the Commission served two subpoenas on Gravitas. (Leiman Decl. at ¶ 3, Ex. A.) The first subpoena, dated January 20, 2022 (the "Document Subpoena"), requested Gravitas produce certain documents pursuant to Federal Rule of Civil Procedure 45. (*Id.* at ¶ 4, Ex. B.) Among other things, the Document Subpoena called for the production of documents related to the ownership, management, and organizational structure of Gravitas. (*Id.*) It also requested documents related to any funds transferred to Gravitas in connection with Outcome Health's 2016-2017 capital raise. (*Id.*) The date for compliance was February 7, 2022. (*Id.*)

The second subpoena, also dated January 20, 2022, requested a designated witness from Gravitas to appear for a deposition on March 1, 2022 (the "30(b)(6) Subpoena"). (Leiman Decl. at ¶ 5, Ex. C.) Under Federal Rule of Civil Procedure 30(b)(6), the Commission designated several matters for examination. (*Id.*) Among the designated matters were information about Gravitas's structure, ownership, assets, and income. (*Id.*)

On February 11, 2022, counsel for defendant Rishi Shah served objections to both the Document Subpoena and the 30(b)(6) Subpoena. (Leiman Decl. at ¶ 7.) Gravitas did not serve any objections. (*Id.*) No party moved to quash either subpoena. (*Id.*)

### C. The Extension and Delay.

There is no doubt that the principals of Gravitas are well-aware of the subpoenas. On February 1, 2022, defendants Rishi Shah and Shradha Agarwal, through their counsel, requested on behalf of Gravitas a 21-day extension. (Leiman Decl. at ¶ 6.) Counsel for the Commission agreed, resetting the deadline for Gravitas to produce documents to February 28. (*Id.*) But Gravitas did not produce any documents at that time. (*Id.* at ¶ 8.) Counsel for the Commission also agreed to move the 30(b)(6) deposition from March 1 to March 22. (*Id.* at ¶ 7.) Gravitas did not designate or present any witnesses. (*Id.* at ¶ 8.)

Counsel for the defendants informed counsel for the Commission that Gravitas was in the process of retaining an attorney (the "Prospective Counsel") to assist with its response to the Commission's subpoenas. (Leiman Decl. at ¶ 9.) When they had not heard from the Prospective Counsel or the defendants by March 18, counsel for the Commission reached out to the Prospective Counsel to inquire about the status of Gravitas's document production and witness designation. (*Id.*) Counsel for the Commission also informed the Prospective Counsel that the Commission was considering filing a motion to compel. (*Id.*) The Prospective Counsel responded that he had not yet been retained by Gravitas. (*Id.*)

After several more reminders, Gravitas's Prospective Counsel informed counsel for the Commission that Gravitas was planning to move the Court in the parallel criminal matter (*U.S. v. Shah et al.*, 19-CR-864 (N.D. Ill)) to unfreeze a portion of Gravitas's assets for the purpose of retaining counsel to respond to the Commission's outstanding subpoenas. (Leiman Decl. at ¶

10.) However, over a month has now passed since that communication, and Gravitas has yet to move the Court to modify the asset freeze. (*Id.*)

Now, over three months after the Commission served the subpoenas, Gravitas has not produced any documents. Nor has Gravitas agreed to present a witness for a 30(b)(6) deposition. (Leiman Decl. at ¶ 11.)

### D. Compliance with Local Rule 37.2

Despite good faith attempts, the SEC has been unable to reach an accord with Gravitas. The SEC has been unable to meet and confer with Gravitas, because to the SEC staff's knowledge, Gravitas has not retained counsel. (Leiman Decl. at ¶ 12.) Counsel for the Commission did inform Gravitas's Prospective Counsel of its intention to file a motion to compel. (*Id.* at ¶ 9.) Counsel for the Commission also informed Shah and Agarwal (the only persons associated with Gravitas of whom counsel for the Commission is aware), through their counsel, of its intention to move to compel. (*Id.* ¶ 13.) Accordingly, Counsel for the SEC's attempts to engage in consultation with Gravitas were unsuccessful due to no fault of their own. For the same reasons, the Commission was unable to arrive at an agreed briefing schedule for this motion. The Commission proposes that Gravitas' response be due within twenty-one (21) days from the presentment of this motion. The SEC further proposes that it have fourteen (14) days to reply.

## II. ARGUMENT

### A. The Withheld Information is Relevant.

The materials and information requested by the Commission in the subpoenas are indisputably relevant to the resolution of this litigation. Under Rule 26(b)(1), parties are entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case….." Fed. R. Civ. P. 26(b)(1).  This standard is "necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1027, 1021 (N.D. Ill. 2000) (quoting *Craig v. Exxon Corp.*, 1998 U.S. Dist. LEXIS 19118, 97 C 8936, 1998 WL 850812, *1 (N.D. Ill., Dec. 2, 1998)).  Moreover, there "is a strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

The information sought in the Commission's subpoenas is unquestionably relevant.  This outstanding discovery relates to allegedly fraudulent funds obtained and/or controlled by the defendants, and therefore goes to the determination of the appropriate amount of disgorgement, pre-judgment interest, and civil penalties that the defendants should pay.  Because all of the defendants have invoked their Fifth Amendment privileges against self-incrimination, the Commission has no alternative but to seek these relevant materials from Gravitas itself.  Accordingly, by refusing to turn over relevant discovery, Gravitas is obstructing the Commission's ability to litigate this matter.

**B.     Gravitas Should Be Ordered to Produce Documents.**

Gravitas should be ordered to produce the documents requested the Commission's January 20, 2022 document subpoena.  Under Federal Rule of Civil Procedure 45(d)(2)(B), Gravitas was required to serve written objections before the earlier of the time specified for compliance or fourteen days after the subpoena was served.  Both those dates are now long passed.  Gravitas also could have moved this Court to quash the subpoena.  But Gravitas did not do so.  Moreover, if Gravitas had moved to quash the subpoena, it would have born the burden of demonstrating that the subpoena created an undue burden.  *See Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *5 (N.D. Ill. Mar. 7, 2013).  Given the relevance of the requested materials

to this litigation, the targeted nature of the Commission's requests, and the unavailability of this information from other sources given the defendants' invocations of their Fifth Amendment rights in response to other discovery request, Gravitas would be unable to meet its burden. *See Uppal v. Roselind Franklin Univ. of Medicine and Science*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015) ("When making the determination of whether a person will be subjected to undue burden, courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request."). Accordingly, the Commission now moves, per Federal Rule of Civil Procedure 45(d)(2)(B)(i), for an order compelling production.

### C. Gravitas Should Be Ordered to Produce a Witness for Deposition.

Gravitas should also be compelled to produce a witness for deposition at a mutually agreeable time. Under Federal Rule of Civil Procedure 30(b)(6), Gravitas was required to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf," regarding the matters the Commission identified for examination. Fed.R.Civ.P. 30(b)(6); *see also Buycks-Roberson v. Citibank Federal Savings Bank,* 162 F.R.D. 338, 342 (N.D. Ill. 1995) (entities have a duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters."). To date, despite counsel for the Commission's repeated inquiries, Gravitas has not designated any person to testify on its behalf.

## III. CONCLUSION

Accordingly, Plaintiff U.S. Securities and Exchange Commission respectfully moves this Court for an order compelling nonparty Gravitas Holdings LLC to produce documents responsive to the Commission's January 20, 2022 document subpoena within ten (10) days of the entry of the Court's order and to present a duly designated 30(b)(6) witness prepared to address the topics listed in the Commission's January 20, 2022 testimony subpoena for deposition within thirty (30) days of the entry of the Court's order.

Dated: April 29, 2022          Respectfully submitted,

/s/ *Ariella O. Guardi*
Timothy Leiman
Ariella O. Guardi
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd, Suite 1450
Chicago, Illinois 60604
Telephone: (312) 353-7390
Fax: (312) 353-7398
*Attorneys for Plaintiff*